STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRISTIAAN H. HIGHSMITH (CABN 296282)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7368
    FAX: (415) 436-7234
    christiaan.highsmith@usdoj.gov

**FILED**

Oct 26 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3-21-71156-MAG |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND FED. R. CRIM. P. 5.1 |
| v. | |
| JULI MAZI, | |
| Defendant. | |

    Defendant Juli Mazi made initial appearances in this case on July 15, 2021.  Defendant Mazi was released on pretrial services supervision, $100,000 bond, and release conditions.  The Court ordered that Defendant Mazi's preliminary hearing be held on August 5, 2021, at 10:30 a.m.  At the parties' request, the Court previously continued the preliminary hearing three times and excluded time under the Speedy Trial Act from August 5, 2021 through November 5, 2021.

    The parties have met and conferred and request that this matter be continued from November 5, 2021, to December 9, 2021.  Counsel for Defendant Mazi and counsel for the United States stipulate that time be excluded under the Speedy Trial Act from November 5, 2021, through December 9, 2021. Defendant Mazi also waives through December 9, 2021: (1) the time for a preliminary hearing on the

STIPULATION AND [~~PROPOSED~~] ORDER TO EXCLUDE TIME

1   Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure, and (2) the time in which the

2   government is required to file an information or indictment under 18 U.S.C. § 3161(b).

3         The parties stipulate and agree that the exclusion of time is appropriate under the

4   circumstances—including the current pandemic and shelter-in-place orders—in order to give the parties

5   an opportunity to negotiate the possibility of a pre-indictment resolution, to give defense counsel time to

6   review discovery, which the government represents involves, among other items, thousands of pages of

7   patient medical and billing records, reports of investigation, and recordings of recorded conversations,

8   and to give the government additional time to return and file an indictment or information.  *See* 18

9   U.S.C. §§ 3161(b), 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), and 3161(h)(7)(B)(iv); *see also United States v.*

10  *Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of

11  the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial

12  period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir.

13  1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as

14  here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty

15  days…. In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

16        The parties further stipulate and agree that the ends of justice served by excluding time from

17  November 5, 2021, through December 9, 2021, from computation under the Speedy Trial Act outweigh

18  the best interests of the public and the defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A) &

19  (B)(ii)-(iv).

20         SO STIPULATED

21

22   Dated: October 26, 2021                    ____/s/_____

23                                              CHRISTIAAN H. HIGHSMITH
                                                Assistant United States Attorney
24

25

26   Dated: October 26, 2021                    ____/s/_____

27                                              PHILIP A. SCHNAYERSON
                                                Counsel for Defendant Juli Mazzi
28

STIPULATION AND [~~PROPOSED~~] ORDER TO EXCLUDE TIME

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[~~PROPOSED~~] ORDER**

Pursuant to the stipulation of the parties, the preliminary hearing currently set for November 5, 2021, is HEREBY CONTINUED to December 9, 2021.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from November 5, 2021, through and including December 9, 2021, would unreasonably deny defense counsel and Defendant Mazi the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from November 5, 2021, through and including December 9, 2021, is appropriate in light of the complexity of the case, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days…. In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from November 5, 2021, through and including December 9, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.

Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from November 5, 2021, through and including December 9, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure and the time

STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME

1    within which to conduct a preliminary hearing is waived with the consent of the Defendant through

2    December 9, 2021.

3          IT IS SO ORDERED.

Dated:    10/26/2021                HON. THOMAS S. HIXSON
                                                     United States Magistrate Judge